IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| BRANDON OSBAHR et al.,<br><br>   Plaintiffs,<br><br>v.<br><br>PLUMBING CONTRACTORS, INC.,<br><br>   Defendant. | )<br>)<br>)<br>)<br>)   No. 2:25-cv-02642-SHL-atc<br>)<br>)<br>)<br>) |

### ORDER REQUESTING ADDITIONAL INFORMATION IN SUPPORT OF MOTION FOR DEFAULT JUDGMENT

Before the Court is Plaintiffs' Motion for Default Judgment, filed October 23, 2025. (ECF No. 10.) Plaintiffs seek the entry of a default judgment in the amount of $181,154.79, plus $3,390 in attorney's fees, against Defendant Plumbing Contractors, Inc. ("PCI"), pursuant to Rule 55(b)(1) of the Federal Rules of Civil Procedure. (ECF No. 10-3 at PageID 76.) For the following reasons, the Court directs Plaintiffs to provide additional information.

### BACKGROUND

This case involves a group of funds established by Plumbers Local Union No. 17 (the "Funds") under the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1002 et seq. ("ERISA"), to provide for pensions, apprenticeships, and other needs of its members. (Id. at PageID 72–73.) Pursuant to a collective bargaining agreement, certain employers of apprentices and journeymen working within the Union's jurisdiction must contribute money to the Funds. (Id. at PageID 74.) According to the Motion, PCI, an employer falling under the Union's jurisdiction, failed to pay its contributions from November 2024 through August 2025, despite having submitted reports detailing the hours worked and amounts owed to the Funds. (Id.) Plaintiffs also allege that PCI had unspecified "prior delinquencies" toward the Funds. (Id. at

PageID 76.)

On June 23, 2025, Plaintiffs filed their complaint, which was served on July 8. (ECF Nos. 1, 7.) PCI, however, never responded. (ECF No. 10-3 at PageID 74–75.) On August 13, upon request of Plaintiffs, the Clerk of Court entered default against PCI. (ECF No. 9.) Plaintiffs then filed this Motion for Default Judgment on October 23, along with two affidavits—one from the Funds' administrative manager, tabulating the unpaid dues, contributions, liquidated damages, and late charges, totaling $181,154.79; the other from Plaintiffs' counsel, calculating the value of her hours worked, totaling $3,390. (ECF Nos. 10, 10-1, 10-2.)

## **APPLICABLE LAW**

Entry of default judgment is a two-step process under the Federal Rules of Civil Procedure. First, "when a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). Second, the clerk may enter default judgment against a defendant only when they seek a "sum that can be made certain by computation" and the defendant is neither a minor nor incompetent. Fed. R. Civ. P. 55(b)(1). "In all other cases, the party must apply to the court for a default judgment." Fed. R. Civ. P. 55(b)(2). Plaintiffs properly sought and obtained entry of default. (See ECF No. 8.) As for a default judgment, the Court will conduct its own review under Rule 55(b)(2).

Courts are required to "exercise sound judicial discretion" in determining whether an application for default judgment under Rule 55(b)(2) should be granted. 10A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 2685 (4th ed. 2022). In fact, "even if a defendant defaults, a court may still deny a default judgment if the plaintiff has failed to state a claim on which relief can be granted." Escalante v. Lidge, 34 F.4th 486, 493 (5th Cir. 2022).

In considering whether to grant default judgment, the defendant's default results in "the well-pled allegations of the complaint relating to liability [being] taken as true, but those relating to the amount of damages suffered ordinarily are not." Wehrs v. Wells, 688 F.3d 886, 892 (7th Cir. 2012); see also Fed. R. Civ. P 8(b)(6) ("An allegation—other than one relating to the amount of damages—is admitted if a responsive pleading is required and the allegation is not denied."). "Where damages are unliquidated a default admits only defendant's liability and the amount of damages must be proved." Antoine v. Atlas Turner, Inc., 66 F.3d 105, 110 (6th Cir. 1995); see also Vesligaj v. Peterson, 331 F. App'x 351, 355 (6th Cir. 2009) ("Even when a default judgment is warranted based on a party's failure to defend, the allegations in the complaint with respect to the amount of the damages are not deemed true." (quoting Credit Lyonnais Sec. (USA), Inc. v. Alcantara, 183 F.3d 151, 155 (2d Cir. 1999))).

A court is not required to hold a hearing on a motion for default judgment, but may do so when one is necessary to conduct an accounting, determine the amount of damages, establish the truth of any allegation by evidence, or investigate any other matter. A.P. Moller-Maersk A/S v. Safewater Lines (I) Pvt., Ltd., 784 F. App'x 221, 229 n.6 (5th Cir. 2019).

Finally, under the Local Rules, requests for attorney's fees must include (1) a memorandum; (2) a declaration of counsel "setting out in detail" both "the number of hours spent" and "the rate customarily charged"; and (3) an additional declaration "of another attorney in the community, who is not otherwise involved with the case, setting out the prevailing rate charged in the community for similar services." LR 54.1(b).

## ANALYSIS

Plaintiffs allege that PCI failed to submit contributions from November 2024 through August 2025, in addition to another unspecified period of delinquency. (ECF Nos. 10-1 at

3

PageID 68; 10-3 at PageID 76.)  Plaintiffs contend that PCI owes $181,154.79 in unpaid contributions, dues, and fees, plus $3,390 in attorney's fees.  (ECF No. 10-3 at PageID 76.)

ERISA § 515 requires that "[e]very employer who is obligated to make contributions to a multiemployer plan" shall "make such contributions."  29 U.S.C. § 1145.  Under ERISA § 502(g)(2), in a successful action to enforce ERISA § 515, a court shall award to the plan:

> (A) the unpaid contributions,
> (B) interest on the unpaid contributions,
> (C) an amount equal to the greater of—
>   (i) interest on the unpaid contributions, or
>   (ii) liquidated damages provided for under the plan in an amount not in excess of 20 percent . . . of the [unpaid contributions] . . . , [and]
> (D) reasonable attorney's fees and costs of the action . . . .

29 U.S.C. §1132(g)(2).  The statute further provides that "interest on unpaid contributions shall be determined by using the rate provided under the plan . . . ."  Id.

In addition to the amount allegedly owed in unpaid contributions, Plaintiffs allege that the Funds provide for an interest rate for delinquent contributions "at an annual rate equal to the prevailing prime interest rate plus one percentage point, and for liquidated damages in an amount equal to the greater of said interest or 5% of the unpaid contributions."  (ECF No. 10-3 at PageID 75.)  Plaintiffs calculate the value of the total amount owed under ERISA § 502(g)(2), supported by affidavits, as follows:

> (a) contributions and dues owing from November 2024 through August 2025 in the amount of $136,818.42;
> (b) late charges (calculated at an annual interest rate equal to 5% per month) and liquidated damages (calculated at an amount equal to 10% of the unpaid contributions) in the amount of $31,145.19 on the unpaid contributions to the Funds for the period of November 2024 through August 2025;
> (c) late charges (calculated at an annual interest rate equal to 5% per month) and liquidated damages (calculated at an amount equal to 10% of the unpaid contributions) in the amount of $13,191.18 on prior delinquencies; and
> (d) reasonable attorney's fees and the costs of this action incurred by the Funds in the amount of $3,390.00.

(Id. at PageID 76 (internal citations omitted).)  Altogether, these amounts total to $184,544.79.  (Id.)

However, Plaintiffs have not presented, in a straightforward manner, all the information needed for the Motion to be granted.  First, it is not yet clear, from Plaintiffs' short statement, that the calculation of interest is appropriate under ERISA § 502(g)(2).  For example, although the Funds' interest rate is set at "an annual rate equal to the prevailing prime interest rate plus one percentage point," the late charges here are calculated "at an annual interest rate equal to 5% per month."  (Id. at PageID 75–76 (emphasis added).)  These two statements may not be inconsistent with one another, but Plaintiffs have the burden to "show their work" to demonstrate that they are indeed consistent.

Second, although the Funds set the rate for liquidated damages at "an amount equal to the greater of [the interest rate described above] or 5% of the unpaid contributions," Plaintiffs' calculation lists the liquidated damages rate "at an amount equal to 10% of the unpaid contributions."  (Id. at PageID 75–76.)  It is not yet clear how Plaintiffs derive that 10% rate.

Third, as to attorney's fees, the Local Rules require an additional declaration or affidavit "of another attorney in the community, who is not otherwise involved with the case, setting out the prevailing rate charged in the community for similar services."  LR 54.1(b).  That declaration is missing here.

## CONCLUSION

For the foregoing reasons, Plaintiffs are **DIRECTED** to provide a more fulsome statement of their damages and an additional affidavit as to attorney's fees.

**IT IS SO ORDERED,** this 30th day of January, 2026.

                                          s/ Sheryl H. Lipman
                                          SHERYL H. LIPMAN
                                          CHIEF UNITED STATES DISTRICT JUDGE