IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

|  |  |  |
|---|---|---|
| BRANDON OSBAHR et al., | ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) ) | No. 2:25-cv-02642-SHL-atc |
| PLUMBING CONTRACTORS, INC., | ) ) | |
| Defendant. | ) ) | |

**ORDER GRANTING MOTION FOR DEFAULT JUDGMENT**

On October 23, 2025, Plaintiffs filed their Motion for Default Judgment against Defendant Plumbing Contractors, Inc. ("PCI"). (ECF No. 10.) On January 30, 2026, the Court issued an order requesting additional information about Plaintiff's calculation of damages and an additional affidavit in support of their request for attorney's fees. (ECF No. 11.) On February 13, Plaintiffs filed a supplemental brief, providing the requested information in support of default judgment in the amount of $184,544.79. (ECF No. 12.) For the reasons stated below, the Motion for Default Judgment is **GRANTED**.

The most recent order in this case provides a more fulsome survey of the facts. (See ECF No. 11 at PageID 78–79.) In short, Plaintiffs allege that PCI failed to submit required contributions from November 2024 through August 2025, plus another unspecified period, to a group of funds established by Plumbers Local Union No. 17 under the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1002 et seq. ("ERISA"). (ECF Nos. 10-1 at PageID 68; 10-3 at PageID 76.) PCI never responded to the Complaint. (ECF Nos. 10-3 at PageID 74–75.) The Clerk entered default. (ECF No. 9.) Plaintiffs seek a default judgment.

## ANALYSIS

Courts are required to "exercise sound judicial discretion" in determining whether an application for default judgment under Rule 55(b)(2) should be granted. 10A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 2685 (4th ed. 2022). In considering whether to grant default judgment, the defendant's default results in "the well-pled allegations of the complaint relating to liability [being] taken as true, but those relating to the amount of damages suffered ordinarily are not." Wehrs v. Wells, 688 F.3d 886, 892 (7th Cir. 2012); see also Fed. R. Civ. P 8(b)(6) ("An allegation—other than one relating to the amount of damages—is admitted if a responsive pleading is required and the allegation is not denied."). "Where damages are unliquidated a default admits only defendant's liability and the amount of damages must be proved." Antoine v. Atlas Turner, Inc., 66 F.3d 105, 110 (6th Cir. 1995).

A court is not required to hold a hearing on a motion for default judgment, but may do so when one is necessary to conduct an accounting, determine the amount of damages, establish the truth of any allegation by evidence, or investigate any other matter. A.P. Moller-Maersk A/S v. Safewater Lines (I) Pvt., Ltd., 784 F. App'x 221, 229 n.6 (5th Cir. 2019).

Here, Plaintiffs allege that PCI owes $181,154.79 in unpaid contributions, dues, and fees, plus $3,390 in attorney's fees. (ECF No. 10-3 at PageID 76.) Plaintiffs calculate the value of the total amount owed under ERISA § 502(g)(2), supported by affidavits, as follows:

(a) contributions and dues owing from November 2024 through August 2025 in the amount of $136,818.42;
(b) late charges (calculated at an annual interest rate equal to 5% per month) and liquidated damages (calculated at an amount equal to 10% of the unpaid contributions) in the amount of $31,145.19 on the unpaid contributions to the Funds for the period of November 2024 through August 2025;
(c) late charges (calculated at an annual interest rate equal to 5% per month) and liquidated damages (calculated at an amount equal to 10% of the unpaid contributions) in the amount of $13,191.18 on prior delinquencies; and
(d) reasonable attorney's fees and the costs of this action incurred by the Funds in the amount of $3,390.00.

(Id. at PageID 76 (internal citations omitted).)  Altogether, these amounts total $184,544.79. (Id.)  In their supplemental brief, Plaintiffs explain that the late charges mentioned above constitute liquidated damages, and those liquidated damages are proper because they do not exceed 20% as required under 29 U.S.C. § 1132(g)(2).  (ECF No. 12 at PageID 85.)

The amount of damages is reasonable.  PCI owes these amounts as back payments and as liquidated damages.  The reasonableness of the attorney's fees is supported by two affidavits, pursuant to the Local Rules.

Thus, Plaintiffs are **AWARDED** $184,544.79 in damages.

## CONCLUSION

For the foregoing reasons, Plaintiffs' Motion for Default Judgment is **GRANTED**.

**IT IS SO ORDERED,** this 2nd day of March, 2026.

s/ Sheryl H. Lipman
SHERYL H. LIPMAN
CHIEF UNITED STATES DISTRICT JUDGE

3